## KINSLEY *vs.* HALL.

A collector of taxes is not bound to search for property, but may arrest the body, unless the party produces property sufficient, with indemnity as to title, if required.

Where the plaintiff, on the first of April, resided in the town of C., and after removed to S., and is assessed in C. for a school-house tax, *held* the collector of C. might execute his warrant in S., and the legality of the tax could not be tried in an action against the collector.

THIS is trespass, for assaulting and imprisoning the plaintiff, Sept. 21, 1836, and restraining him of his liberty, until he paid a large sum of money. The defendant justified, as

collector of taxes for the town of Croydon.   On the trial, it appeared that the defendant was duly elected collector of the town of Croydon for the year 1834; had been sworn and given bonds; and that a list of taxes upon the inhabitants of school district No. 2, in that town, in which was a tax against the plaintiff of $16.68, was committed to him for collection, by the selectmen, on the 28th of February, 1835.

The defendant gave due notice to the plaintiff of the tax, before proceeding to collect it.   On the 21st of September, 1836, the plaintiff was residing in the town of Springfield, and the defendant met him at a store there near his house, and demanded the tax.   The plaintiff replied, that he should not pay it, and said he had property enough; had a horse, cow, and other property, and that the defendant might take any of it; but he did not show any property, nor did the defendant ask where it was.   The defendant then arrested his body, and the plaintiff soon after paid the tax.   It further appeared, that the plaintiff was, at the time, the owner of a horse, which was in a field near his residence, and that he had furniture in his house to the amount of two or three hundred dollars or more, and that the defendant had frequently been in his house.   The plaintiff offered to prove, that, at the time when the money was voted by said district, and before, he was an inhabitant of Springfield, and not liable to taxation in said district in Croydon; but the court rejected the evidence.   The plaintiff then objected, that the defendant was bound to shew that the town of Croydon had been legally divided into school-districts; but the court overruled the objection.

A verdict was thereupon taken, by consent, for the plaintiff, for nominal damages, subject to be amended, or set aside and judgment rendered for the defendant, or judgment to be rendered upon the verdict, according to the opinion of the court upon the foregoing facts.

*Leland*, for the plaintiff, argued that the defendant was a

trespasser, in arresting the body of the plaintiff, because he had not "neglected or refused to expose his goods and chattels, whereon to make distress." 1 *Laws* 561, 2; and to this point he cited *Hill* vs. *Bateman, Strange* 710; 1 *Conn. Rep.* 259; *Bradby on Distress* 126, 150, 151. He also contended, that the defendant had no authority to collect this tax within the limits of the town of Springfield. Because, first, for aught appears, the plaintiff had estate in the town of Croydon; and, if so, the collector's remedy was against that. 1 *Laws* 561, 2. And, secondly, the law giving a remedy to collectors against persons removing without paying their taxes, 1 *Laws* 561, is confined to taxes upon the inhabitants of towns, and to taxes voted by towns; and no such power is given in the act empowering school-districts to build and repair school-houses; and this remedy is given only when the poll and estate of the person removing are "lawfully taxed," which cannot be said of the tax in this case, because school-districts can raise money only upon the inhabitants of the district; and, at the time this tax was voted, the plaintiff was not an inhabitant of the district, nor even of the town of Croydon, but had removed to Springfield.

Inasmuch, therefore, as the defendant has proceeded in the collection of this tax in a manner not authorized by law, he is a trespasser.

*Morse*, and *Hubbard*, for defendant.

WILCOX, J. By the statute of June 16, 1836, it is enacted, that "no action shall be maintained against any collector ' of taxes on the ground, or by reason of any irregularity of ' the proceedings of the town, or of the selectmen, in his ' election or appointment, nor for any cause whatever except ' such collector's own wrong or illegal conduct."

It is important, therefore, to consider only such part of this case as refers to the acts of the defendant himself; and

to enquire whether he himself has been guilty of any wrong or illegal conduct.

Two objections are taken to the proceedings of the defendant. And it is said, in the first place, that the power of the collector to arrest the body, is given only when no property is to be found; that in the present case sufficient property of the plaintiff might have been found; so that no legal occasion or right existed to arrest the body. The statute providing for the collection of taxes enacts, that every collector, to whom any list of taxes with a warrant in due form of law shall be committed to collect, shall give fourteen days' notice to the inhabitants, of the sums at which they are assessed; and upon the neglect or refusal of payment of any person taxed in such list, the collector is empowered to distrain the goods and chattels of the person so refusing. And "for want of goods or chattels whereon to make distress, the said collector may take the body of any inhabitant or resident refusing to make payment as aforesaid, and him commit to the common jail in the county," &c.

A strictly literal construction of this statute might lead us to the result contended for by the plaintiff. But such a construction is not always the true one. Statutes, not penal in their character, should be construed liberally, in advancement of the object of the legislature, and so as to give safety and protection to those upon whom is devolved the arduous duty of executing the laws. The statute is liberal to the tax-payer. He must have fourteen days' notice, before any distress can be made. If payment is not then made, the collector is bound to enforce its collection. Is he under obligation to search for property of the delinquents? What means has he to investigate the condition of the numerous individuals upon his list; to ascertain the property in their possession; where it is; and the validity of the title? If the party cannot or will not pay his tax on the notice which the law requires, and would avoid the arrest of his person, it seems to us that he should at least produce his property to

the collector, and, if required, give him sufficient indemnity against any claims of third persons. An officer is not bound to seize property on mesne process, or execution, without indemnity from the creditor who directs it. No reason exists why a collector is not equally entitled to indemnity.

Writs of mesne process are substantially like the authority to collectors. The sheriff is required to attach the goods or estate of the debtor, and, for want thereof, to take his body. Yet, from the earliest times, it is believed to have been the received opinion, that the sheriff has the election to take the goods or the body in the first instance, and is not bound to search for goods at all. Indeed, if goods are attached on the original writ, it seems to have been understood that the creditor might, at his pleasure, abandon the attachment and levy upon the body.

How it might be in such case, if property were actually tendered, with indemnity as to the ownership, need not now be considered. Nothing short of this can exonerate the debtor from arrest. The analogy from the case of a creditor or sheriff to that of the collector is very strong. And we perceive no reason for a distinction between the two cases.

It is further contended, that the plaintiff could not be lawfully arrested in Springfield, without the precinct of the collector.

The fourth section of the act providing for the collection of taxes assessed upon the inhabitants of towns, provides, that if any inhabitant, on or after the first of April, in any year, shall remove from the town where his invoice was taken, and his poll or estate lawfully taxed, into any other town in this state, the collector shall have the same remedy against him there as in the town where he was taxed. 1 *Laws* 561. And the act empowering school-districts to build and repair school-houses, enacts that collectors, in collecting such taxes, shall have the same powers, and be holden to proceed in the same manner, as is by law provided in collecting town taxes. 1 *Laws* 433.

It seems quite clear, therefore, that the collector has the same power to collect a school-house tax in another town, that he has to collect other taxes without his precinct. But it is said this power exists only in case the party was "lawfully taxed;" and, therefore, that the defendant cannot be justified, unless he shows the tax to have been lawfully assessed. We are of a different opinion. The plaintiff was an inhabitant of Croydon on the first of April, 1834; his invoice duly taken; and within the same municipal year a tax, apparently lawfully assessed, is delivered to the collector for collection. We think that this tax was, as to the collector, lawfully assessed. It was lawful in all its forms. And the intent of the act of 1836 is, to protect the collector in this as well as in all other cases, and leave the legality of the assessment to be determined in an action against the selectmen.