## OSGOOD v. WELCH.

A collector of taxes is not bound to search for property, but may arrest the body of the delinquent, and is not obliged to discharge him upon his afterwards exposing sufficient property.

The legality of a town-meeting at which the selectmen who issued the collector's warrant were chosen, cannot be tried in an action against such collector.

TRESPASS, for an assault and false imprisonment.

The plea was the general issue, with a brief statement that the defendant was collector of taxes for the town of Raymond, acting as such by virtue of a warrant dated on the 25th day of May, 1844, signed by Joseph Blake, Hazen Batchelder and Jeremiah Fullanton, jr., selectmen of the town of Raymond, under which he arrested the plaintiff, and held him until the payment of the tax therein named against him and the costs.

Upon the trial, the plaintiff proposed to prove that the defendant said he hoped he should find the plaintiff away from his house, because he desired to arrest him and not to take his property; that he did arrest him, and the parties went towards the plaintiff's house; that the plaintiff then produced certain property, sufficient in value to satisfy the tax, and exhibited it to the defendant, declaring it to be his, and unincumbered, and requested the defendant to seize it for the tax, and release him from arrest, but that the defendant refused so to do. Nothing was said by either party about any indemnity.

In order to prove that the selectmen who issued the warrant to the defendant, were not chosen at a legal meeting, the plaintiff proposed to offer evidence that the meeting was warned by posting up the warrant for the meeting on the inside of the door of the meeting-house, and that the door was then locked, and that the warrant for said meeting was posted up on the Monday two weeks before the day of the town meeting, which was on Tuesday.

Osgood *v.* Welch.

The defendant contended that he was not liable on account of any irregularities in the proceedings of the selectmen, or for any thing but his own official misconduct, and relied upon section 16 of chapter 45 of the Revised Statutes, and also that no action but an action on the case would lie against him by virtue of the provisions of section 12 of chapter 180 of the Revised Statutes.

A verdict was taken by consent for the defendant, subject to the opinion of this court upon the foregoing case, upon which judgment is to be rendered, or it is to be set aside and a new trial granted, according to the opinion of the court.

*Stickney* and *Tuck*, for the plaintiff.

I. A collector cannot legally arrest for non-payment of taxes, when he knows there is property liable to be seized for the satisfaction of the tax. The plain inference is that the defendant did know that there was such property. There was abundant evidence of such knowledge to be submitted to the jury. The plaintiff tendered property as soon as he had opportunity. Rev. Stat. ch. 45, § 8. The collector can arrest *only for* want of goods, &c.

No indemnity was offered with the goods tendered; but none was asked. This case is distinguished from *Kinsley* v. *Hall*, 9 N. H. Rep. 190, because there the officer did not know of any property, before the arrest. There was here misconduct in the officer.

II. The town meeting was not legally warned. The warrant was posted where nobody could see it, and was not up the requisite time.

The authority being for that cause void, did not justify the collector. It was as void as if it had been derived from any other three men, those who gave it not having been legally chosen selectmen.

*H. F. French*, for the defendant.

Osgood *v.* Welch.

An action of trespass cannot be maintained in this case. *Hills* v. *Hoitt.*

Here was no official misconduct. *Kinsley* v. *Hall,* 9 N. H. Rep. 190.

If it were the duty of the defendant to seize property instead of arresting, it must have been made clear to him that there was property that was liable.

But, like a sheriff, he had an option to seize property or arrest. *Kinsley* v. *Hall.*

Woods, J. The statute provides that " no person to whom any list of taxes shall be committed for collection, shall be liable to any suit or action by reason of any irregularity or illegality of the proceedings of the town or of the selectmen, nor for any cause whatever except his own official misconduct."

The plaintiff, in this case, contends that the imperfect manner in which the town meeting was called, was such as to avoid all its proceedings, and, of course, to leave without any official power the officers who derived their authority from no other source; that the warrant of the selectmen, or rather of the persons assuming to act as such in this case, was in consequence entirely null and void, and afforded no protection to any party acting under it; and, finally, that the case is not one of irregularity or illegality in the proceedings of the town or of the selectmen, contemplated by the statute, but of a total absence of official authority, and of all action whatever on the part of the town, for the want of the indispensable preliminaries for convening its inhabitants.

We think, however, that the statute demands a different construction, and that its clear design was to protect the officer therein named, acting under a warrant from those who actually perform the duties of selectmen under color of an election, from scrutiny into the legality of the meeting which invested them with the office, as well as the pro-

ceedings of such meeting when convened, and of the select-
men, in the steps leading to the issue of the warrant. The
words "irregularity or illegality of the proceedings of the
town or of the selectmen," are sufficiently broad to embrace
the acts which precede the town meeting, as well as its acts
when convened; and the acts of the selectmen which called
the meeting, as well as of the board created by it. But
when the clause is added "nor for any cause whatever ex-
cept his own official misconduct," the statute seems to afford
ample protection to all acts of the party acting under color
of an appointment, except such as amount to official mis-
conduct.

The statute works no injury to those who may deem
themselves aggrieved by the forcible collection of an illegal
tax, but simply limits their choice of a remedy, and exempts
innocent parties from the consequences of the official mis-
conduct of others.

The principle is fully recognized in *Kinsley* v. *Hall*, 9
N. H. Rep. 190, in which the court declined to consider
various objections to the legality of the tax, which were urged
upon the precise ground here taken.

The same case furnishes an answer to the other exceptions
here taken, and which regard the official demeanor of the
defendant. It is there held, and must still be held, that the
collector is not obliged to make unsuccessful search for prop-
erty, in order to lay the foundation for an arrest of the delin-
quent tax payer. It is there intimated that he is not bound
to seize property actually tendered, unless an indemnity is
also furnished that shall protect him against other claims to
the same property.

In the present case, the arrest was actually made before
there is any pretence that property was tendered. He was
not obliged to release the party afterwards tendering it.
Neither the statute, nor usage, nor the reason of the thing
calls for such a course of proceeding.

There is nothing that requires the collector to seek the

party at his own home rather than elsewhere, to enforce his warrant. The language imputed to him proves no more than an apprehension on his part, not perhaps well founded in law, that if he had found him at home, he might have been compelled, at some risk and inconvenience, to seize such property as might have been offered. It is no evidence of official misbehavior. He had a perfect right to seek him away from home, or in any circumstances in which he might enforce the warrant in the effective manner which he had chosen, without embarrassment or inconvenience.

*Judgment on the verdict.*